IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MURRAY PAUL FARMER** and **DRC, INC.**, an Alabama Corporation, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Civil Action No. 25-00418-KD-MU |
| **RIXI RAMONA MONCADA GODOY**, Individually and in her capacity as Minister of Finance of the Republic of Honduras and Democratic Socialist Candidate for President of Honduras, *et al.*, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# ORDER

This action is before the Court on Plaintiffs' Counsel's Motion to Withdraw as Attorney, (doc. 24), Plaintiffs' Motion for Extension of Time to File Response to Defendants Banco Central de Honduras and then-serving President, Rebeca Santos' Motion to Transfer, (doc. 25), and Defendants Banco Central de Honduras and then-serving President, Rebeca Santos' Response in Opposition to Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Transfer, (doc. 27). Upon consideration, the Motion to Withdraw is held in **ABEYANCE**.[1]

In the Motion for Extension of Time, Plaintiff Murray Paul Farmer represents that the Motion was filed on his behalf and the behalf of the Plaintiff corporation DRC, Inc. (Doc. 25).

---

[1] Counsel for Plaintiffs, Clifford C. Sharpe, cannot withdraw from this case until new counsel for Plaintiffs have appeared. In accordance with S.D. Ala. GenLR 83.3(h), counsel Clifford C. Sharpe "shall be held at all times to represent the parties for whom they appear of record . . . until . . . they are permitted by order of the Court to withdraw[.]" Further, when you file a "Notice of Appearance as Co-Counsel for Plaintiff," (doc. 17), in a case, you are representing yourself as counsel of record for the plaintiff, and not just filing a document in PACER.

1

Plaintiff Murray Paul Farmer can represent himself *pro se*, but cannot represent DRC, Inc. *pro se*.[2] Upon consideration, Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion to Transfer is **GRANTED**. Plaintiffs must obtain new counsel and file their Response to Defendants' Motion to Transfer on or before **April 27, 2026**.

**DONE** and **ORDERED** this **12th** day of **March 2026**.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] There is no evidence that Plaintiff Farmer is a licensed attorney admitted to practice in this Court. Therefore, Plaintiff Farmer cannot represent DRC, Inc. *pro se*. The rules allowing a party to proceed *pro se* are well established. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); S.D. Ala. GenLR 83.2 ("Unless appearing *pro se* or through counsel under General Local Rule 83.3(f) or (g), all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court."). Also, the Rules establishing that a corporation cannot appear *pro se* are well established. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel . . . The general rule applies even where the person seeking to represent the corporation is its president and major stockholder." (citations omitted)); S.D. Ala. GenLR 83.2 ("Only natural persons may appear *pro se*."); *Person*, Black's Law Dictionary (12th ed. 2024) (defining "person" as human being, while noting that this would be termed a "natural person").