IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MURRAY PAUL FARMER and<br>DRC, INC., an Alabama Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>RIXI RAMONA MONCADA GODOY,<br>Individually and in her capacity as<br>Minister of Finance of the Republic of<br>Honduras and Democratic Socialist<br>Candidate for President of Honduras,<br>*et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-00418-KD-MU |

**ORDER**

This action is before the Court on Plaintiff Murray Paul Farmer's Motion for Relief from Interference with Federal Court Proceedings and for Protective Order (Doc. 33), Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 34) and Motion to Expedite Consideration of these motions (Doc. 35). [1]  Upon consideration, and for the reasons set forth herein, the Motion for Relief from Interference and the Motion for Temporary Restraining Order are DENIED as set forth herein, except for the request to extend deadlines.  The Motion to Expedite is moot.

---

[1] Farmer and DRC, Inc. are currently represented by counsel in this case.  However, counsel Willie Huntley has recently been suspended from the practice of law and counsel Clifford Sharpe has requested to withdraw. Farmer is attempting to represent himself in the current motions. Considering the unique circumstances, rather than strike the motions for failure to comply with S.D. Ala. General Local Rule (5)(a)(3) ("For filings by represented parties, at least one attorney appearing in the action shall sign each document filed") the Court will allow the emergency pro se motions.

I. <u>Background</u>

This case has a complicated history.  Farmer has been attempting to collect from the Republic of Honduras, and its agents and instrumentalities, money allegedly owed on a contract for work his company, DRC, Inc., performed in Honduras.  Specifically, the dispute concerns U.S. Agency for International Development-funded infrastructure projects that DRC performed in Honduras in the late 1990s and early 2000s following a hurricane. Plaintiffs Farmer and DRC allege that DRC completed the projects but was not fully compensated by the Republic of Honduras, leading to arbitration proceedings in Honduras.  Plaintiffs further allege that in September 2009, a Honduran arbitration panel issued a $106,206,460.51 award in DRC's favor, which later became final and binding under Honduran law. However, during the attempt to collect, and before this case was filed, Honduras filed criminal charges against Farmer alleging that he committed fraud.

In the present case, Plaintiffs sued the Central Bank of Honduras and its president and various Honduran government officials, including the Criminal Attorney General of Honduras. All Defendants are citizens and residents of Honduras.  And all alleged actions of the Defendants occurred in Honduras.  Plaintiffs claim that all Defendants interfered with the enforcement of the Honduran arbitration award and obstructed Honduran judicial orders seeking to enforce the award. Plaintiffs also allege that Defendants publicly accused Farmer of corruption and fraud and initiated criminal proceedings against him in Honduras to prevent enforcement of the award.[2]

According to Farmer, to settle this civil case with the Honduran government, and at the behest of his Honduran attorney, he recently went to Honduras to meet with his attorney and

---

[2]  Count I – Defamation per se; Count II – Tortious interference with judgment enforcement; Count III – Intentional infliction of emotional distress and Count IV – Civil liability for acts of international terrorism (Doc. 1).

government officials. When he arrived at the airport in Tegucigalpa, he was arrested on criminal charges, placed on house arrest and his passport was confiscated.

II. Analysis

Now before the Court are various emergency motions filed by Plaintiff Farmer pro se.  In sum, Farmer requests, inter alia, a finding that the Honduran government's arrest of him is an interference with the federal court proceedings in this Court and in retaliation for filing this action (Doc. 33, p. 3-4, 7).  Farmer claims that this Court has authority to make this finding concerning a criminal proceeding of a foreign sovereign based on the Court's "inherent powers, its authority under the All Writs Act, 28 U.S.C. § 1651, and its equitable jurisdiction to issue emergency relief protecting [Farmer's] ability to participate meaningfully in this proceeding." (Id., p. 2, 5-7).  Farmer is incorrect on all accounts. The Court does not have authority to interfere with a foreign sovereign's criminal prosecution of Farmer, nor to make a finding that the criminal prosecution is improper or retaliatory.

Farmer also moves the Court to order the Defendants to show cause why the Court should not impose sanctions for the Defendants' alleged interference (Id., p. 8).  Farmer relies primarily on the All Writs Act for his assertion that this Court may declare that the criminal prosecution in Honduras is retaliatory and the possible basis of sanctions by this Court.

The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  A plain reading of the Act indicates that Farmer is only partially correct: the Courts may issue writs in aid of their respective jurisdictions.   However, the issuance of any writ must be "agreeable to the usages and principles of law."   In other words, the All Writs Act does not create unlimited authority for

federal courts to enter orders.  Any order must be grounded in law and fact.  District Courts are courts of limited jurisdiction.  Any jurisdiction this Court has over foreign sovereigns is articulated in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et. seq.,* which provides access to the federal courts for the resolution of ordinary legal disputes involving a foreign sovereign, and the related grant of jurisdiction found in 28 U.S.C. § 1330.   The Court recognizes that Farmer makes the questionable claim to be proceeding against each official in their personal capacity, as opposed to their official capacity, and not against the foreign sovereign.   However, the Motion for Temporary Restraining Order and Emergency Motion for Relief from Interference unquestionably implicate the foreign sovereign's actions and actions taken by officials in their official capacity: Farmer states that he was arrested and detained by Honduran authorities.

Notably, Farmer has not cited any authority for the proposition that this Court can issue orders in a civil case that affect a criminal prosecution.  Even if this Court has jurisdiction over the Honduran entities, there is no basis for such action.  The premise of the current requests is that the Honduran Defendants' arrest and prosecution of Farmer is retaliatory, implying that prosecution is being not legitimate.   This makes the allegations akin to a malicious prosecution claim.  The Supreme Court has made clear that a malicious prosecution claim cannot be brought in a civil action until the underlying criminal case is resolved.  Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.")  And while this principle of law normally applies to prevent interference of state court prosecutions with premature federal judgments, the basis for the reasoning is equally applicable to foreign sovereign prosecutions. Thus, Farmer's requests for this Court to invoke the All Writ's Act, or any other equitable

powers, to declare his criminal prosecution by a foreign sovereign retaliatory or to require the Republic of Honduras or its instrumentalities, to answer in this Court why they should not be sanctioned for bringing a criminal case against Farmer are DENIED.

Farmer also requests various other forms of relief.  Accordingly,

1) Farmer's request that this Court appoint counsel to represent him (Doc. 33, p. 8: Doc. 34, p. 7) is DENIED.

2) Farmer's request to stay all deadlines applicable to him (Id., p. 7; Id., p. 6) is GRANTED, in part. Farmer has ninety (90) days from the date of this Order to obtain counsel and respond to the pending Motion to Transfer (Doc. 22).

3) Counsel Clifford Sharpe's motion to withdraw (Doc. 24) is held in abeyance, and DRC, Inc. has ninety (90) days from the date of this Order to obtain counsel and respond to the pending Motion to Transfer (Doc. 22).

All other requested relief is DENIED.

**DONE** and **ORDERED** this 7th day of April 2026.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**