**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MURRAY PAUL FARMER and DRC, INC., an Alabama corporation,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. 25-00418-KD-MU** |
| **RIXI RAMONA MONCADA GODOY, individually and in her capacity as Minister of Finance of the Republic of Honduras and Democratic Socialist Candidate for President of Honduras, *et al.*** | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on Plaintiff Murray Farmer's Application for Entry of Default. (Doc. 30). Defendants Banco Central de Honduras ("BCH") and Rebeca Santos have responded, (Doc. 31), and Farmer has replied to their response, (Doc. 32). Farmer has also moved to strike a declaration that BCH and Santos attached in support of their response, (Doc. 36), to which BCH and Santos have responded, (Doc. 38). For the reasons stated below, the Court will **DENY** both of Farmer's motions.

**DISCUSSION**

**I. Motion to Strike**

In support of their response in opposition to Farmer's application for entry of default, BCH and Santos attached a declaration made by Gustavo León-Gómez Rodas, a Honduran attorney, for the purpose of showing that Farmer's method of service upon the Defendants did not comply with Honduran law. (See Doc. 31-4). Farmer has moved to strike León-Gómez Rodas's declaration

because he has previously served as counsel for the Fondo Hondureño de Inversión Social ("FHIS"), the Honduran instrumentality with which Farmer's company signed the infrastructure reconstruction contract that has haunted Farmer for a quarter of a century now. (See Doc. 36). León-Gómez Rodas represented FHIS in the 2005 arbitration proceeding that resulted in an arbitral award against the Republic of Honduras, (Doc. 36 at 2; see Doc. 1 at 17)—the very same arbitral award that the Honduran judiciary eventually confirmed and ordered BCH to pay, (see Doc. 1 at 24). Because of the identity of interest between FHIS then and BCH today, León-Gómez Rodas is essentially Farmer's opponent's lawyer. Farmer argues that León-Gómez Rodas "[can]not function[] as an independent expert" in this case, so his declaration "should be stricken, or at minimum disregarded or given no weight in resolving the pending motion." (Doc. 36 at 2).[1]

BCH and Santos respond that the issue of León-Gómez Rodas's partisanship "go[es], at most, to the weight the Court may assign to his opinions—not their admissibility." (Doc. 38 at 9). Farmer agrees that "retained experts are not required to be disinterested," and "partisan[ship] alone is not grounds for exclusion." (Doc. 36 at 2–3). The parties' consensus accurately reflects the law, which states that "[i]n determining foreign law, the court may consider any relevant material," even if it would be inadmissible at trial. Fed. R. Civ. P. 44.1. Although "an un-rebutted affidavit from an attorney on foreign law [may] be sufficient to establish the substance of that law," Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1165 (11th Cir. 2009), a court need not accept that

[1] León-Gómez Rodas's declaration is relevant because Fed. R. Civ. P. 4(f)(2)(A) permits service of an individual in a foreign country "as prescribed by the foreign country's law for service in that country," while 28 U.S.C. § 1608(b)(3)(C) permits service of an agency of a foreign state "as directed by order of the court consistent with the law of the place where service is to be made." However, as the Court will explain below, the individual foreign officials in this action are immune from suit in their personal capacities, so service would be futile under Rule 4(f)(2)(A). Likewise, the Court has not directed Farmer to make service under section 1608(b)(3)(C), so that provision is inapplicable here. Consequently, Farmer's motion to strike the declaration may be moot. Still, in case the declaration becomes relevant later, the Court will address the motion's merits.

affidavit "at face value," Mamani v. Sánchez Bustamante, 968 F.3d 1216, 1246 (11th Cir. 2020). In other words, a question of foreign law is still a question of *law*, not fact. Accordingly, the judicial inquiry is not curtailed by the rules of evidence.

The Court will thus deny Farmer's motion to strike León-Gómez Rodas's declaration. However, in the light cast by his partisan role in the history of this proceeding, León-Gómez Rodas appears here more like opposing counsel than an independent expert. Accordingly, the Court will give his declaration the same consideration that the Court gives to every other brief written by counsel for the Defendants.

## II. Application for Entry of Default

Entry of default is warranted when a defendant "has failed to plead or otherwise defend" and the plaintiff has "shown [that failure] by affidavit or otherwise." Fed. R. Civ. P. 55(a). The plaintiff's affidavit must "set forth the details of service" because "a defendant has no duty to answer—and therefore cannot be in default—until properly served." Steven S. Gensler, 2 Fed. R. Civ. P., Rules and Commentary § 55:7 (2026); see also Colclough v. Gwinnett Pub. Schs., 734 F. App'x 660, 662 (11th Cir. 2018) (affirming denial of the plaintiff's application for entry of default "because [his] service of process was insufficient—he served the [defendant] by certified mail, which is not a proper method under the Federal Rules of Civil Procedure or Georgia law").[2]

[2] Farmer correctly identifies that "the ministerial entry of default by a clerk under Rule 55(a)" is merely "a preliminary procedural step recording a defendant's failure to plead or defend." (Doc. 32 at 18). But "[a]lthough Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court . . . a district judge also possesses the inherent power to enter a default"—or to refuse to do so. Devengoechea v. Bolivarian Republic of Venezuela, No. 24-10029, 2026 WL 2409663, at *3 (11th Cir. Aug. 18, 2026). When the Plaintiff's application has not clearly satisfied the requirements of Rule 55(a), it is appropriate for the Court to examine the application to determine whether it shows that the Plaintiff is entitled to entry of default.

Accordingly, entry of default in this action is not warranted unless Farmer has shown that each Defendant (1) was properly served and (2) failed to plead or otherwise defend.

**A. Service of Process**

**1. Individual Officials**

Farmer has sued, and thus must serve, Santos and the other individual officials in both their personal and official capacities. (See Doc. 26 at 1).

**a. Personal-Capacity Claims**

In their personal capacities, the individual officials are immune from suit. Farmer alleges a series of actions undertaken exclusively in the Defendants' official capacities, so they have official-act immunity under the common law. Immunity is an issue of subject-matter jurisdiction, and this Court must dismiss claims over which it does not have jurisdiction. Consequently, Farmer's claims against the individual officials in their personal capacities must be dismissed, so Farmer's application for entry of default is moot as to their personal capacities.[3]

**b. Official-Capacity Claims**

An action against a foreign official in his official capacity "should be treated as [an] action[] against the foreign state itself, as the state is the real party in interest." Samantar v. Yousuf, 560 U.S. 305, 325 (2010). When the state is the real party in interest, the official "is entitled to invoke [the state]'s sovereign immunity under the FSIA, as well as the FSIA's other procedural protections" to the same extent as if the state were named as a defendant. Hussein v. Maait, 129 F.4th 99, 120 (2d Cir. 2025). Accordingly, an official sued in his official capacity must be served as provided under 28 U.S.C. § 1608(a).

[3] The Court will explain this holding in a separate order to be entered later today. For the purpose of Farmer's application for entry of default, it suffices to note that he can proceed against the individual officials only in their official capacities, requiring service under 28 U.S.C. § 1608(a).

Farmer's application for entry of default does not persuade the Court that he has properly served the individual officials by any of the methods provided by section 1608(a): Farmer has not shown that any special arrangement for service exists between himself and the Republic of Honduras, see § 1608(a)(1); he has not shown that Honduras is a party to any international convention on service of process, see § 1608(a)(2); he has not made service by mail addressed and dispatched by the Clerk of Court, see § 1608(a)(3); and he has not made service via the Secretary of State, see § 1608(a)(4). Consequently, entry of default against the individual officials in their official capacities is not warranted under Rule 55(a).

**2. Banco Central de Honduras**

BCH is an agency of the Republic of Honduras, so BCH must be served as provided under 28 U.S.C. § 1608(b). Farmer's application for entry of default does not persuade the Court that he has properly served BCH by any of the methods provided by section 1608(b): Farmer has not shown that any special arrangement for service exists between himself and BCH, see § 1608(b)(1); he has not served any officer or agent of BCH in the United States, nor has he shown that Honduras is a party to any international convention on service of process, see § 1608(b)(2); and he has not made service by mail addressed and dispatched by the Clerk of Court, nor otherwise as directed by order of this Court or any authority of the Republic of Honduras, see § 1608(b)(3)(A)–(C).

However, while section 1608(a) requires strict compliance, "section 1608(b) may be satisfied by technically faulty service that gives adequate notice to the foreign state." Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 153 (D.C. Cir. 1994). The Eleventh Circuit has held that "failure to follow precisely those steps in § 1608 designed to insure that actual service be made should not override and invalidate the fact that in this case notice was actually received"; indeed, the requirements of section 1608(b) "exist merely to assure that actual notice be received."

Harris Corp. v. Nat'l Iranian Radio & Television, 691 F.2d 1344, 1352 (11th Cir. 1982). The fact of BCH's appearance in this case indicates that BCH has in fact received actual notice.

At the same time, the Eleventh Circuit "admonish[ed] those seeking to invoke the FSIA to follow the service provisions it contains" and stated that "[t]here is no excuse for departure from the dictates of the statute." Id. at 1352 n.16. Some courts in this circuit have characterized that admonition as dicta with no effect on the holding that "any technical deficiencies were nullified by actual notice," Osio v. Maduro Moros, No. 21-cv-20706, 2025 WL 2336072, at *4 (S.D. Fla. Apr. 9, 2025); others have held that it reduces actual notice to merely "a relevant factor in resolving FSIA disputes," Shell Oil Co. v. M/V ITANAGE, 830 F. Supp. 1423, 1425 (M.D. Fla. 1993).

It suffices at this juncture to note that, although technically deficient, Farmer's method of service has provided actual notice to BCH. The Court need not decide whether actual notice alone suffices to satisfy section 1608(b) because, regardless, entry of default is not warranted unless BCH has failed to plead or otherwise defend itself in this action.

**B. Failure to Plead or Otherwise Defend**

"The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949).[4] BCH's motion to transfer venue (Doc. 22) is a Rule 12(b)(3) pre-answer motion asserting the defense of improper venue, so it constitutes an "other[] defen[se]" under Rule 55(a).

It is true that BCH's answer or pre-answer motion was due "within sixty days after service has been made under this section." 28 U.S.C. § 1608(d). Farmer's application for entry of default

[4] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting decisions of the Fifth Circuit handed down before the close of business on September 30, 1981).

shows that he served BCH on October 29, 2025, requiring BCH to respond by December 29. (See Doc. 26-1 at 3; Doc. 26 at 1–2). Almost two months after that deadline, on February 20, 2026, BCH filed its motion to transfer venue. (See Doc. 22). Three weeks later, on March 10, Farmer applied for entry of default against BCH. (See Doc. 26).[5]

But "even if Defendants' response was untimely, Plaintiff would not be entitled to an entry of default" because "an entry of default by the Clerk is void if a defendant has responded to the complaint." Olds v. Cracker Barrel Old Country Store, Inc., No. 13-cv-01876, 2014 WL 12862490, at *2 (N.D. Ga. May 21, 2014), report and recommendation adopted, 2014 WL 12862504 (N.D. Ga. June 16, 2014). That comports with the Eleventh Circuit's "strong policy of determining cases on their merits," which disfavors default. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). "[W]henever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits"; accordingly, "if [the] defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default." 10A Wright & Miller's Federal Practice & Procedure § 2682 (4th ed. 2026).

Consequently, even if it has been properly served, BCH has not "failed to plead or otherwise defend," so entry of default against it is not warranted under Rule 55(a).

---

[5] Farmer argues that "BCH cannot demand strictness as to Plaintiff's service obligations while disregarding the mandatory deadline that same regime imposed on BCH itself," so "[i]f service was valid, the clerk's default must enter." (Doc. 32 at 5). Setting aside case law and circuit policy, Farmer's argument cuts both ways: on the one hand, construing the FSIA strictly, Farmer has not properly served BCH; on the other hand, construing the FSIA loosely, Farmer has properly served BCH, and it has properly responded. Either way, entry of default is not warranted.

## CONCLUSION

Accordingly, Farmer's Motion to Strike (Doc. 36) is **DENIED**. The Court will give the declaration of Gustavo León-Gómez Rodas the same weight as a brief written by counsel for the Defendants. Farmer's Application for Entry of Default (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** this the **28th** day of **September 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**